**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**JACLYN SWEDBERG, JAMILLETTE**
**GAXIOLA, LINA POSADA, MARIANA**
**DAVALOS, IRINA VORONINA, EVA**
**PEPAJ,**

     *Plaintiff,*

**v.**                                          **Case No. 5:24-CV-1342-JKP**

**TWIMBV, INC.,**

     *Defendant.*

**ORDER ACCEPTING REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Report and Recommendation of United States Magistrate Judge (ECF No. 30) filed on December 19, 2025. The Magistrate Judge recommends that the Court strike Defendant's answer (ECF No. 13) and direct the Clerk of Court to enter default as to Defendant as a sanction for failures to comply with court orders. The Magistrate Judge provided instructions for service and notified all parties of their right to object. The notice informed the parties that any objection must be specific, written, and filed within fourteen days. It further warned that a failure to object "shall bar the party from a *de novo* determination by the district court."

No one has filed any objection to the Report and Recommendation, and the time for doing so has expired. Accordingly, the Court reviews the Report and Recommendation only to determine whether any finding or recommendation is clearly erroneous or contrary to law. *See*

*Johnson v. Sw. Research Inst.*, 210 F. Supp. 3d 863, 864 (W.D. Tex. 2016) (citing *U.S. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)).[1]

Consistent with § 636(b)(1), the Court has reviewed the Report and Recommendation for clear error on the face of the record. Finding no such error, the Court **ACCEPTS** the Report and Recommendation. As recommended, the Court **STRIKES** Defendant's answer (ECF No. 13) and **DIRECTS** the Clerk of Court to enter default as to Defendant.

It is so **ORDERED this 23rd day of April 2026.**

_____
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**

---

[1] While Rule 72(b) does not facially require any review in the absence of a specific objection, the advisory committee notes following its adoption in 1983 state: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Further, failure to object shall also bar appellate review of those portions of the Magistrate Judge's Report and Recommendation that were ultimately accepted by the district court, unless the party demonstrates plain error. *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Wilson*, 864 F.2d at 1221.